# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSEPH K. SWETZ,**

    Plaintiff,

vs.                                           **CASE NO.**

**THE CITY OF PORT ORANGE, FLORIDA**,
a political subdivision of the State of Florida,

    Defendants.
_____/

## VERIFIED COMPLAINT FOR DAMAGES WITH REQUEST FOR EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH K. SWETZ, ("SWETZ"), by and through his undersigned counsel, hereby sues Defendant, THE CITY OF PORT ORANGE, FLORIDA ("CITY"), and alleges:

## INTRODUCTION

1. This is a four count complaint seeking redress for violations of: (a) the Americans with Disabilities Act of 1990 ("ADA"), 42.U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA" and, collectively, "the ADA") (Counts I and II); (b) a claim under the Fifth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. §1983, due to the deprivation of SWETZ' public name and reputation as protected by the Fifth and Fourteenth Amendments to the United States Constitution (Count III); and (c) a claim for invasion of SWETZ' privacy as protected by Article I, Section 23 of the Florida Constitution by virtue of an unauthorized release of his private protected health information, with each count seeking damages in excess of $75,000, exclusive of interest and costs, equitable relief, attorney's fees and court costs.

## JURISDICTION, VENUE, AND PARTIES

2. This court has jurisdiction over Counts I - III herein pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over the claim asserted in Count IV, pursuant to 28 U.S.C. § 1367, because those claims form a part of the same case or controversy.

3. This Court is vested with jurisdiction to order an injunction, award front pay, back pay, order reinstatement, or provide any other equitable relief as may be proper, as well as awarding compensatory damages, attorney's fees and court costs, expenses, pre-judgment and post-judgment interest, and any other legal and/or equitable relief deemed appropriate by this Court.

4. Venue is proper in this Court because the CITY maintains offices, does business, and is located within Port Orange, Volusia County, Florida. In addition, venue is appropriate within this Federal District and Division because the injury was sustained, and the conduct and cause of action which gives rise to the instant suit occurred within Port Orange, Volusia County, Florida. Venue is therefore proper within this Court, pursuant to 28 U.S.C. §1391(b).

5. Plaintiff SWETZ is an adult male and is a "person" entitled to bring such action, pursuant to 42 U.S.C. §§1981 and 1983.

6. Plaintiff SWETZ is also "person" and a "qualified individual" entitled to bring such action, pursuant to 42 U.S.C. §§12111 (7) and (8), respectively.

7. Defendant CITY is a municipal subdivision of the State of Florida established and authorized to exist pursuant to Article VIII, Section 2 of the Constitution of the State of Florida and situated within the jurisdiction of this Court.

8. At all times material hereto, SWETZ served as an employee of the CITY, specifically, within the CITY's Police Department ("Department").

9. Defendant CITY is an "employer" and a "public entity" within the meaning of 42 U. S. C. §§12111(5) and 12131(1) of the ADA, respectively.

10. Defendant CITY is also a "covered entity" prohibited from discriminating against a "qualified individual" on the basis of disability as defined under 42 U. S. C. §§12112(a) and (b)(1), (2) and (5).

11. Further, CITY was and is an "employer" and an entity subject to liability under 42 U.S.C. §§1981 and 1983, respectively.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

12. Plaintiff SWETZ timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on April 3, 2019, alleging discrimination based on Plaintiff's handicap or disability. A copy of the Charge is attached hereto as **Exhibit "A"**.

13. The EEOC was "unable to conclude" whether the allegations in SWETZ' Charge rose to the level of a violation of the ADA and issued its Dismissal and Notice of Rights ("Right to Sue"), a copy of which is attached as **Exhibit "B"** hereto.

14. The EEOC issued its Right to Sue on or about December 11, 2019, which was received by SWETZ and his counsel until December 13, 2019, as verified by the EEOC and U.S. Postal Service. (See **Exhibit "C"** hereto).

15. Accordingly, SWETZ has satisfied any and all administrative prerequisites and all conditions precedent prior to the filing of this action, pursuant to the EEOC.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16. SWETZ began his employment with CITY, specifically, the CITY's Police Department ("POPD"), on or about April 8, 2002.

17. At all times material hereto, Thomas R. Grimaldi ("Chief Grimaldi"), was and is an adult male who holds the position of Chief of Police for Defendant CITY.

18. At all times material hereto, Michael H. Johansson ("Johansson") was and is an adult male who, at all times material hereto, held the position of City Manager for Defendant CITY.

19. Prior to his hire by the CITY's Police Department, SWETZ had actively served our Nation in the United States Navy for six (6) years, from September 1990 until August 1996, where he achieved the rank of E-4, Petty Officer Third Class before his honorable discharge.

20. SWETZ also served for six (6) years (from July 2009 to October 2015) in the United States Air Force Reserves.

21. SWETZ possessed close to three (3) years of law enforcement experience before being hired by the CITY, serving as a police officer for the Griffith Police Department in Griffith, Indiana, from January 1998 until his voluntary resignation in February 2000; and the Boca Raton Police Services Department, in Boca Raton, Florida, from February 2000 until December 2000.

22. After his hire with the CITY in April 2002, SWETZ worked his way through the ranks based on his performance, ultimately achieving the rank of Lieutenant in February 2016, the rank he held at the time of his termination.

23. Throughout the first fifteen (15) plus years of his tenure as a sworn law enforcement officer for the CITY, SWETZ experienced no major issues or concerns.

24. Until the time of the conduct complained of herein, SWETZ received favorable performance reviews during his tenure with the CITY, incremental pay raises and promotions, and enjoyed the respect of his subordinates, peers and supervisors.

25. However, things began to change following SWETZ' diagnosis in 2016 with Attention Deficit Hyperactivity Disorder ("ADHD"), for which the CITY, including SWETZ' superiors within the Police Department were made aware.

26. Notably, without medication, ADHD is a mental impairment that substantially limits the major activities of concentrating and working.

27. However, with medication and/or a reasonable accommodation (such as more time to complete paperwork associated with his duties or when provided assistance like his non-disabled peer lieutenants were afforded), SWETZ was able to perform the essential functions of his position.

28. The aforementioned accommodations were initially provided by SWETZ' immediate supervisor, Captain Scott Brozio ("Captain Brozio"), and SWETZ was able to perform the essential functions of his position.

29. In February 2018, Captain Brozio requested his subordinate lieutenants, including SWETZ, to survey their subordinate staff to respond to a survey and provide constructive feedback about the functioning of the Department and the command staff.

30. SWETZ complied and gathered the input from his subordinate officers. Shortly thereafter, the work environment became more hostile and discriminatory towards SWETZ.

31. Specifically, the reasonable accommodations permitting lieutenants to delegate some duties to subordinate sergeants were rescinded by Captain Brozio and SWETZ was no longer afforded the ability to delegate duties as my peers were permitted.

32. By way of example, lieutenants were previously afforded the discretion to delegate responsibilities to sergeants to complete tasks, subject to review by the lieutenants, which included, but were not necessarily limited to:

    a) officer evaluations;

    b) use of force reports (which were then reviewed by lieutenants);

    c) CITY vehicle crash reports;

    d) Officer injury reports;

    e) Officer timecards/time sheet reports; and

    f) lost or damaged CITY property reports.

33. While Captain Brozio's change in policy restricting lieutenants from delegating certain tasks to their sergeants was ostensibly directed to all lieutenants within the CITY's Police Department, in reality, it was directed at SWETZ.

34. In fact, at least two lieutenants other than SWETZ were permitted to continue delegating duties such as noted above.

35. By contrast, SWETZ was held to a different standard. Combined with his ADHD condition and being denied the reasonable accommodations as noted in paragraph 27, *supra,* and denied the ability delegate some responsibilities as before like his non-disable peer lieutenants, SWETZ was "set up to fail."

36. In fact, after nearly 15 years of exemplary performance, from December 2016 through his termination, SWETZ was the subject of ten (10) Informal Inquiries, Internal Affairs ("IA") Investigations, and Supervisor Review Inquires ("SVI").

37. Notably, the overwhelming majority of the allegations occurred after the "survey" and followed the reasonable accommodations previously provided being rescinded.

38. In addition, and not coincidentally, <u>all</u> of the Informal Inquiries, Internal Investigations and Supervisor Review Inquires ("SVI"), were conducted since Chief Grimaldi was hired by the CITY in December 2015.

39. During one of the IA investigative interviews by Captain Brozio on August 31, 2018 regarding an allegation of SWETZ allegedly failing to meet a June 20, 2018 deadline to submit his shift's Line of Duty forms, SWETZ again informed the CITY of his ADHD and his medication for same.

40. SWETZ, with his Union counsel, Ryan Burton, present reminded Captain Brozio that he (SWETZ) had performed better while under the Personnel Early Warning System ("PEWS") cycle, which included Captain Brozio sending SWETZ task and One Note reminders. However, Captain Brozio ended the system.

41. Combined with being subjected to a bombardment of pretextual investigations and allegations, SWETZ was subjected to a "fitness for duty" examination on September 17, 2018 by Licensed Mental Health Counselor, Dr. Norman Hoffman ("Dr. Hoffman").

42. Of note, Dr. Hoffman is a LMHC and Licensed Marriage and Family Therapist ("LMFT"), not a psychologist or psychiatrist.

43. That same day, September 17, 2018, SWETZ again requested an accommodation (like previously provided) as an accommodation for his ADHD which would have afforded him to perform the essential functions of his position, including: (1) advance notice of deadlines; (2) reminders of deadlines though the use of OneNote, Microsoft Office Calendar, Task Manager and email from the supervisor or delegator of the task; (3) ability to delegate tasks and duties the same as his peer lieutenants; and (4) additional time to complete non-sensitive tasks.

44. The request consisted of reasonable accommodations, none of which would have been oppressive or difficult for the CITY to provide; and, in fact, included accommodations which had been previously provided by the CITY, and for which SWETZ had operated within.

45. Nonetheless, the reasonable request was ignored and/or denied.

46. In fact, as set forth in paragraph 42, *supra,* SWETZ was subjected to a "fitness for duty" examination on September 17, 2018.

47. Dr. Hoffman initially cleared SWETZ for duty by noting that SWETZ had no risk of being poorly suited as a police officer for 15 years and that the alleged performance issues did not begin until June 2017.

48. Dr. Hoffman also did not find any evidence that SWETZ was a danger to himself, others, or the public. Rather, it appeared that that he felt the POPD administration was attempting to "counsel SWETZ out."

49. Dr. Hoffman also factored in SWETZ' long history of exemplary evaluations and job performance and ultimately recommended that SWETZ was fit for duty, but that he be placed on a 90-day probationary period to assess his performance, a continuity of a stable medication

regime, mental health counseling and communication between the CITY and SWETZ' psychiatrist.

50. After reviewing Dr. Hoffman's report, Chief Grimaldi contacted Dr. Hoffman to discuss the report. Chief Grimaldi referenced this conversation in his September 25, 2018 correspondence to Dr. Hoffman and included documentation of the PEWS program for which SWETZ participated in September 2017.

51. Without any factual basis, Chief Grimaldi stated that his primary concern was public safety and claimed that the report from Dr. Hoffman allegedly indicated SWETZ was a high risk for job-related problems, integrity problems and anger management.

52. In his September 25, 2018 letter to Dr. Hoffman, Chief Grimaldi also unlawfully referenced that SWETZ had "exhausted his Employee Assistant Program counseling sessions covered by the City."

53. The following day, September 26, 2018, despite being initially cleared (i.e. deemed fit) by Dr. Hoffman, upon pressure from the upper administration of the POPD, and specifically, Chief Grimaldi, he (Dr. Hoffman) changed his assessment.

54. In his "revised" report, Dr. Hoffman indicated that he had spoken with Chief Grimaldi and reviewed the PEWS documentation.

55. In short, it was not until Chief Grimaldi sent Dr. Hoffman documenting alleged performance deficiencies, which included a brief "one-sided" explanation of the allegations (many of which SWETZ had not even been interviewed and therefore not permitted to offer a defense), that Dr. Hoffman changed his assessment to declaring SWETZ unfit for duty.

56. On October 16, 2018, SWETZ and former Union Attorney Burton met with Matthew Jones, then Deputy Attorney and Jamie Miller ("Ms. Miller"), Administrative Services Director for the CITY, to discuss SWETZ' September 17, 2018 request for an accommodation.

57. Once again, it was to no avail because on December 27, 2018, SWETZ was involuntarily terminated Chief by Chief Grimaldi allegedly based upon a Command Review Board's recommendation following an IA Investigation sustaining the following allegations: one (1) charge of neglect of duty; one (1) charge of improper use of department laptops and computers (despite the fact that SWETZ possessed such authorization); and one (1) charge of interference in an official investigation. Another IA investigation recommended a five (5) day suspension and demotion.

58. CITY Manager Johansson upheld the termination recommendation.

59. Of note, if SWETZ had violated CITY and/or Department polices, which he did not, the CITY and POPD have a progressive discipline policy, before proceeding to termination.

60. In making the recommendation of termination to CITY Manager Johansson and Chief Grimaldi knew or should have known that the CITY had engaged in discriminatory and disparate treatment against SWETZ based on his know handicap/disability, and by showing favoritism to other non-disabled lieutenants.

61. Because of the foregoing, SWETZ' termination was a pretext for discrimination and contrary to the very policies adopted by the Department and the CITY in terms of its non-discrimination policies and progressive discipline based on just cause pursuant to the collective bargaining agreement between the CITY and the Unions (IUPA and PBA).

62. Based upon the foregoing, SWETZ was discriminated against based upon his handicap/disability, and unfairly and falsely stigmatized by the CITY through Captain Brozio, Chief Grimaldi and City Manager Johansson.

63. At all times material hereto, the CITY, through its authorized agents and employees, including Captain Brozio, Chief Grimaldi and City Manager Johansson, were and are aware of the discrimination SWETZ suffered.

64. At all times material hereto, the CITY, and its authorized agents and employees, including Captain Brozio, Chief Grimaldi and City Manager Johansson, knew or should have known that handicap/disability discrimination is prohibited under 42.U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 (collectively, "the ADA").

65. The CITY, through its authorized agents and employees, including but not necessarily limited to, Captain Brozio, Chief Grimaldi and City Manager Johansson, engaged in conduct, including falsely accusing SWETZ of neglect of duty, interference in an investigation, and the other alleged policy violations; and, ultimately terminating his employment, in willful disregard of SWETZ' civil rights.

66. Based on the foregoing, the CITY, through its authorized agents and employees, including but not necessarily limited to, Captain Brozio, Chief Grimaldi and City Manager Johansson, intentionally violated clearly established law and acted with intent.

67. No legitimate business reasons existed under the CITY's policies, past practices, procedures and/or supervisory instructions to justify the discrimination and other conduct complained of herein against SWETZ.

68. The proffered basis for SWETZ' termination was a mere pretext for discrimination and to tarnish his public name and reputation as a respected and competent law enforcement officer.

69. As a direct, proximate and foreseeable result of the actions by the CITY, through the actions of, but not necessarily limited to, Captain Brozio, Chief Grimaldi and City Manager Johansson, SWETZ has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, damage to his name and reputation, emotional distress and other non-pecuniary losses and intangible injuries.

70. Specifically, through actions of the CITY's agents and employees, through the actions of, but not necessarily limited to, Captain Brozio, Chief Grimaldi and City Manager Johansson, SWETZ has been tangibly harmed concerning the terms and conditions of his employment, which damages include loss of pay and benefits; damage to his chosen career path, including the damage by being required to spend money in an effort to secure other employment; loss of retirement and pension benefits, damage to his reputation, both as a person and as a public servant, damage by loss of dignity; as well as severe emotional anguish and distress.

71. SWETZ has engaged the services of legal counsel and is obligated to pay legal counsel fees incurred in the prosecution of this action.

72. If he prevails, SWETZ is entitled to and seeks an award of attorney's fees for bringing this action as part of his costs, pursuant to 42 U.S.C. §1988 and 42 U.S.C. §12205.

# COUNT I

## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT, AS AMENDED BY
## THE ADA AMENDMENTS ACT OF 2008

73. This is a claim for unlawful disability discrimination under the ADA by SWETZ against the CITY under 42 U.S.C. §12101, et. seq.

74. SWETZ hereby readopts, realleges, and incorporates the allegations set forth in paragraphs 1-72 above as if set forth more fully herein.

75. SWETZ has a disability and/or handicap under the ADA. Specifically, as noted in paragraph 25, SWETZ has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), a mental impairment that substantially limits the major activities of concentrating and working.

76. SWETZ is a qualified individual with a disability and/or handicap who could perform the essential functions of his job with or without an accommodation. In fact, SWETZ possessed the skill, experience, education, and other job-related requirements for the positions he held within the CITY's Police Department ("POPD").

77. SWETZ was the subject of unlawful discrimination because of his disability. Specifically, through its employees, the CITY initially provided but then unreasonably denied SWETZ' requests for accommodation and treated him differently in terms of accommodations, and level of discipline imposed, including the terminations of his employment. Such actions were motivated, in part, based upon SWETZ' disability and/or handicap.

78. Plaintiff has suffered direct pecuniary losses as well as pain and suffering and emotional distress as a result of the CITY's above-described violations of the law.

WHEREFORE, Plaintiff prays for relief as follows:

a. Back pay, less interim earnings, together with pre-judgment interest thereon, through trial;

b. Reinstatement or front pay in lieu thereof;

c. Compensatory damages for emotional anguish, pain and suffering;

d. His reasonable attorney's fee and costs; and

e. Such other relief as this Court deems just and equitable.

## COUNT II

**FAILURE TO ACCOMMODATE IN VIOLATION OF
THE AMERICANS WITH DISABILITIES ACT, AS AMENDED BY
THE ADA AMENDMENTS ACT OF 2008**

79. This is a claim for unlawful discrimination by SWETZ against the CITY under the ADA for failure to provide a reasonable accommodation under 42 U.S.C. §12101, et. seq.

80. This count is plead cumulatively and in the alternative to Counts I, III and IV. Accordingly, SWETZ hereby readopts, realleges, and incorporates the allegations set forth in paragraphs 1-78 and 87 through 102, as if set forth more fully herein.

81. SWETZ has a disability and/or handicap under the ADA. Specifically, as noted in paragraph 25, SWETZ has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), a mental impairment that substantially limits the major activities of concentrating and working.

82. SWETZ is a qualified individual with a disability and/or handicap who could perform the essential functions of his job with or without an accommodation. In fact, SWETZ

possessed the skill, experience, education, and other job-related requirements for the positions he held within the CITY's Police Department ("POPD").

83. As set forth in paragraphs 27, 28, 31 – 33, 43 and 56 herein, SWETZ requested, was initially provided and then had rescinded, reasonable accommodations for his disability and/or handicap.

84. Once rescinded by Captain Brozio, the CITY did not engage SWETZ in the interactive process to provide reasonable accommodation(s).

85. The CITY failed to reasonably accommodate SWETZ' disability.

86. Plaintiff has suffered direct pecuniary losses as well as pain and suffering and emotional distress as a result of the CITY's above-described violations of the law.

WHEREFORE, Plaintiff prays for relief as follows:

a. Back pay, less interim earnings, together with pre-judgment interest thereon, through trial;

b. Reinstatement or front pay in lieu thereof;

c. Compensatory damages for emotional anguish, pain and suffering;

d. His reasonable attorney's fee and costs; and

e. Such other relief as this Court deems just and equitable.

## COUNT III

## **DEPRIVATION OF LIBERTY INTEREST**

87. This is a claim for the deprivation by Defendant CITY of SWETZ' public and occupational name and reputation, as protected by the Fifth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. §1983.

88. This count is pled cumulatively and in the alternative to Counts I and II. Accordingly, SWETZ hereby readopts, realleges and incorporates paragraphs 1 through 86, as set forth more fully herein.

89. The conduct complained of herein, including paragraphs 36-41, 57 and 60-62 herein, was taken under color of the laws of the State of Florida and the United States.

90. The persons who engaged in the conduct of which SWETZ complains, i.e. Captain Brozio, Chief Grimaldi and City Manager Johansson, were of such position and authority so that their acts may fairly be said to constitute the official expression of the CITY's custom, policy or usage.

91. At all times material hereto, and prior to the conduct complained of herein, SWETZ possessed a property interest in his good name and reputation in a 15 plus year law enforcement career with the CITY and was recognized as someone who was competent in the performance of his duties.

92. By terminating SWETZ for alleged neglect of duty, improper use of department laptops and computers, and interference in an investigation (as well as the other alleged policy violations that were knowingly false and merely a pretext because of SWETZ' disability and/or handicap), and placed in his personnel file and in records believed to have been submitted to the Florida Department of Law Enforcement ("FDLE") and made a matter of public record, the CITY, through Captain Brozio, Chief Grimaldi and City Manager Johansson, and perhaps others, have falsely stigmatized SWETZ.

93. The laws prohibiting falsely accusing a public servant, such as SWETZ, with stigmatizing allegations such as insubordination and neglect of duty is clearly established.

94. The false and stigmatizing documents made a matter of public information have caused damage to SWETZ and have and will likely continue to impair his ability to gain employment within his chosen career field of law enforcement.

WHEREFORE, Plaintiff prays for relief as follows:

a. Back pay, less interim earnings, together with pre-judgment interest thereon, through trial;

b. Reinstatement or front pay in lieu thereof;

c. Compensatory damages for emotional anguish, pain and suffering;

d. His reasonable attorney's fee and costs, to the extent warranted and recoverable;

e. A Final Order be entered directing that all negative comments, and any alleged deficiencies against SWETZ' performance and forming a matter of public record, be expunged, or declared to have been improperly issued, to the extent that such exist and as permissible by Florida law; and

f. Such other relief as this Court deems just and equitable.

## COUNT IV

## **VIOLATION OF RIGHT TO PRIVACY UNDER FLORIDA CONSTITUION**

95. This is a claim for a claim for invasion of SWETZ' privacy as protected by Article I, Section 23 of the Florida Constitution by virtue of an unauthorized release by the CITY of his private protected health information violation.

96. This count is pled cumulatively and in the alternative to Counts I through III. Accordingly, SWETZ hereby readopts, realleges and incorporates paragraphs 1 through 94, as set forth more fully herein.

97. Article I, Section 23 of the Florida Constitution provides: "Right of privacy. — Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein."

98. Upon information and belief, the CITY's Human Resources Director, Ms. Miller, allegedly divulged confidential medical information concerning SWETZ to Chief Grimaldi, namely, the fact that SWETZ had undergone EAP counseling, and perhaps the basis therefore.

99. SWETZ had not granted authorization to Ms. Miller, nor anyone within the CITY, to divulge such information. Furthermore, the information was released without his prior knowledge or consent.

100. As set forth in paragraphs 50 through 54, Chief Grimaldi then sent a letter to Dr. Hoffman which disclosed confidential health information, namely, SWETZ' use of EAP, to Dr. Hoffman, after the initial fitness for duty evaluation in which Dr. Hoffman had cleared and deemed SWETZ fit for duty.

101. As the direct result of, and causally related to, the sharing of SWETZ' confidential medical information, and under pressure from Chief Grimaldi and the CITY, Dr. Hoffman changed his assessment and deemed SWETZ unfit for duty.

102. Plaintiff has suffered direct pecuniary losses as well as pain and suffering and emotional distress as a result of the CITY's above-described violations of the law.

WHEREFORE, Plaintiff prays for the following relief, to the extent recoverable:

a. Compensatory damages for emotional anguish, pain and suffering;

b. His reasonable attorney's fee and costs; and

c. Such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH K. SWETZ, hereby respectfully demands trial by jury on all issues and counts triable as of right before a jury.

Dated this 12th day of March, 2020.

Respectfully submitted,

*/s/ Gary D. Wilson*

Gary D. Wilson, Esq.
Florida Bar No.: 0846406
Nathan A. McCoy, Esq.
Florida Bar No.: 0676101
WILSON McCOY, P.A.
100 E. Sybelia Avenue, Suite 205
Maitland, Florida 32751
Telephone: (407) 803-5400
Facsimile: (407) 803-4617
Primary email: gwilson@wilsonmccoylaw.com
Primary email: nmccoy@wilsonmccoylaw.com
Secondary email: jbarrero@wilsonmccoylaw.com

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

Personally appeared before the undersigned, JOSEPH K. SWETZ, who being first duly sworn, deposes and says that the allegations of this Verified Complaint, consisting of paragraphs 1 through 102, inclusive, are true and correct to the best of his knowledge, information and belief.

_J. Swetz_
JOSEPH K. SWETZ

STATE OF FLORIDA)

COUNTY OF VOLUSIA)

The foregoing instrument was acknowledged before me this _11_ day of _MARCH_, 2020, by Joseph K. Swetz, who ~~is personally known to~~ me or who has produced _____ as identification, and who did take an oath.

_____
Notary Public

My Commission Expires: 5|21|21

Seal: 
J. ZACHARY PICKETT
Notary Public – State of Florida
Commission # GG 106541
My Comm. Expires May 21, 2021
Bonded through National Notary Assn.

20